IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CRISS McELDRIDGE CLAY,**

    **Plaintiff,**

    v.                                      CASE NO. 20-3120-SAC

**JACOB EARLY, et al.,**

    **Defendants.**

## ORDER

Plaintiff proceeds *pro se* and *in forma pauperis* in this prisoner civil rights action. Plaintiff is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). This matter is before the Court on Plaintiff's Motion for Injunction (Doc. 4).

Plaintiff seeks "protection from retaliation" and alleges that staff at HCF are "refusing to meet with [Plaintiff], file an abundant amount of disciplinary reports, and single [Plaintiff] out as well as talking down to [Plaintiff] and yelling and pushing to get physical with [Plaintiff]." (Doc. 4, at 1.) Plaintiff asks the Court to transfer him from HCF.

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010).

Plaintiff has failed to show the likelihood that he will suffer irreparable harm in the absence of a preliminary injunction. "[A] showing of probable irreparable harm is the single

most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation. 18 U.S.C. § 3626(a)(2). Finally, a mandatory preliminary injunction, such as the one sought by Plaintiff, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above. *Little*, 607 F.3d at 1251.

Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted). The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Injunction (Doc. 4) is **denied.**

**IT IS SO ORDERED**.

Dated May 22, 2020, in Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
Senior U. S. District Judge
